UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMAR DANIELS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-01999-JMS-DML |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Ramar Daniels for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 16-07-0008. For the reasons explained in this Entry, Mr. Daniels's habeas petition must be **denied**.

    A.    **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On August 31, 2016, Investigator Poer issued a conduct report charging Mr. Daniels with conspiring to commit assault (Code B-212/240). Dkt. 11-1. The conduct report states:

> On July 16, 2016 offender Daniels, Ramar 104542 33L-3ARH was involved in an assault involving multiple offenders on the E 1/3 side. An investigation was conducted to determine the cause of the assault and identify who participated in the assault. At 8:41 PM offender Daniels entered cell 5-1E with two other offenders and assaulted offender Joseph Mangold 148204. Offender Mangold was assigned to 5A-1E at the date/time of the assault. Refer to Confidential Case File 16-CIC-0033 for additional details.

*Id.* Mr. Daniels was notified of the charge on March 23, 2017, when he was served with the conduct report and the screening report. Dkts. 11-1, 11-2. Mr. Daniels requested to call witnesses Jamar Mason, Joseph Mangold, and Otis Young. Dkt. 11-2. Mr. Daniels also requested a camera review. *Id.*

Mr. Daniels requested witnesses provided statements in lieu of live testimony. When asked if Mr. Daniels went into the room and exited with him, Mr. Mason responded, "No he dindnt [sic] go in the room." Dkt. 11-3 (capitalization modified). When Mr. Daniels asked Mr. Mangold if he assaulted him, Mr. Mangold responded "No offender [D]aniels did not assault me." Dkt. 11-4. A video review was prepared that states:

> On 3/31/17, I Major Fox reviewed the camera and I clearly seen offender Daniels, R. #104542 walk over to cell 5-1E and enter the cell of 5-1E with two other offenders. They then ex[i]ted and one offender was carrying a TV. Then there was a confrontation and offender Daniels is seen fighting with other offenders then run to cell 13-3E and come out and go to the restroom and attempt to evade Custody Staff.

Dkt. 11-6.

The hearing officer conducted a disciplinary hearing on March 31, 2017. Dkt. 11-8. The hearing officer noted that Mr. Daniels' request for a postponement was denied and that Mr. Daniels stated, "There wasn't no fight in there. I went and talked to Mangold by myself. I left before

Mason and Young left. You had 30 days to rehear case. It's been 4 months. I want to request pictures of my hands." *Id*. The hearing officer also noted that Officer Veach stated there were no pictures. *Id*.

The hearing officer determined that Mr. Daniels had violated Code B-212/240 based on the conduct report, video review, and confidential case file. *Id*. The sanctions imposed included a written reprimand, disciplinary segregation (time served), the deprivation of 90 days of earned credit time, and a demotion from credit class I to II. *Id*.

Mr. Daniels appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Daniels raises four grounds for relief: 1) he was denied evidence including the case file and pictures of his hands that showed that they were uninjured, 2) the report of the video evidence was fabricated, 3) Officer Fox was not impartial because he told Mr. Daniels that Mr. Daniels was guilty the day before the disciplinary hearing, and 4) the evidence was insufficient to find him guilty. The respondent responded. Mr. Daniels did not file a reply.

**1.  Denial of Evidence Claim**

Mr. Daniels claims that he was denied the confidential case file and pictures of his hands. Dkt. 1. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence

relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted).

The investigation file, which included the security video, was provided confidentially to the hearing officer. Dkts. 11-8, 15. The respondent asserts that this process was proper due to safety and security concerns related to the disclosure of information gathered from various sources during the investigation. "[P]rison authorities who assert a security justification for nondisclosure [of video evidence] still have the burden of proving that their denial of requested evidence was not 'arbitrary or capricious.'" *Johnson v. Brown*, 681 Fed. Appx. 494, 496 (7th Cir. 2017) (quoting *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002)). This burden was not met here. Notably, as happened here, "adding a checkmark to preprinted boilerplate saying that disclosing evidence '. . . would . . . jeopardize the safety and/or security of the facility' is inadequate to override the right to disclosure under the Due Process Clause." *Id.* at 497 (collecting cases). In order for the withholding of the video to be justified, a more thorough explanation is required. *See id.* ("[C]hecking a box does not explain how th[e] standard is met.").

In this case, although the justification for withholding the video evidence was inadequate, Mr. Daniels' due process rights were not violated. The hearing officer reviewed the video. The Court has also reviewed the video and finds that it is not exculpatory. Therefore, Mr. Daniels was not entitled to the video evidence regardless of the inadequate security justification for nondisclosure.

With respect to the photographs of his hands, Mr. Daniels was found guilty of conspiracy to commit battery, not the battery itself. Therefore, the photographs would not have been exculpatory even if they had been produced and showed no injuries. Mr. Daniels has failed to establish any due process violation related to the evidence.

**2. Inaccuracies in Video Summary Claim**

Mr. Daniels next challenges the accuracy of the video summary. He claims that the video could not show inmates fighting one another or an inmate removing a television from the victim's cell. As stated above, the hearing officer reviewed the video and the respondent produced the video for the Court's review. Even if the video summary contains some inaccuracies, the video evidence contains sufficient evidence to support the charge of conspiracy to commit battery. The alleged inaccuracies are immaterial to the charge of conspiracy to commit battery. Immaterial inaccuracies in the video summary do not rise to the level of a due process violation. No relief is warranted on this basis.

**3. Impartial Decision Maker Claim**

Mr. Daniels next claims that the hearing officer was not impartial because he told Mr. Daniels that Mr. Daniels was guilty the day before the disciplinary hearing. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or

substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

The hearing officer was not involved in any aspect of the factual events underlying the disciplinary charges. There is no evidence that he was involved in the investigation of the incident other than the preparation of the video summary. Since hearing officers routinely review video evidence as part of the disciplinary hearing, the hearing officer's preparation of the video summary in this instance does not support a claim that he was biased. Mr. Daniels has, therefore, failed to rebut the presumption that the hearing officer acted appropriately and no relief is warranted on this basis.

**4. Sufficiency of the Evidence Claim**

Finally, Mr. Daniels argues that the evidence was insufficient to find him guilty of the offense. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In addition to reviewing the video, investigators interviewed several offenders. Dkt. 15. Multiple offenders substantiated that Mr. Daniels, Mr. Young, and Mr. Mason planned to assault

Mr. Mangold. The witnesses corroborated that the assault took place in cell 5-1E. *Id*. This constitutes "some evidence" that Mr. Daniels conspired to commit battery in violation of Code B-212/240. No relief is warranted on this basis.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Daniels to the relief he seeks. Accordingly, Mr. Daniels's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/8/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov